NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0354n.06
Filed: May 4, 2005

Case No. 03-6581

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| VANISSA L. SHARP, and others similarly situated; LARRY M. CAMP; MARISSA JILL CLAYTON, | ) ) ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellees, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| EASY MONEY TITLE PAWN, INC. d/b/a | ) | |
| EASY MONEY TITLE PAWN; CAREY | ) | |
| BROWN, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

_____

BEFORE: BATCHELDER and COLE, Circuit Judges; RUSSELL[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Easy Money Title Pawn, Inc. ("EMTP") and

its owner, Carey Brown, appeal from various orders of the magistrate judge and the district court

in this action alleging common law fraud and violations of the Truth in Lending Act, 15 U.S.C. §

1601 *et seq.*, and Title 12, Code of Federal Regulations, Part 226, also known as Regulation Z; the

Tennessee Consumer Protection Act, T.C.A. § 47-18-101 *et seq.*; and the Tennessee Usury Statute,

T.C.A. § 47-14-101 *et seq.* EMTP appeals from the orders granting the plaintiffs' motion to proceed

as a class; ruling that Plaintiff Vanissa L. Sharp had standing to pursue claims on behalf of the class;

granting summary judgment to Plaintiff Marissa Jill Clayton on her usury claim pursuant to the

---

[*]The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

Tennessee Usury Statute, T.C.A. § 47-14-101 *et seq.*; finding that EMTP had engaged in unconscionable conduct under T.C.A. § 47-14-117(c); and awarding attorney fees based on both statutory fee shifting provisions and out of the common fund. Brown separately appeals from orders of the magistrate judge and the district court granting summary judgment in favor of the class plaintiffs on their claim that Brown violated the civil provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et. seq.*

We have carefully reviewed the record presented on appeal, and have examined each of the opinions from which these appeals are taken. Now, having reviewed the briefs of the parties and the applicable law, and having had the benefit of oral argument, we are satisfied that, with one exception that we will address below, we cannot improve upon the careful and thorough analysis provided by the magistrate judge and the district court. Because the lower court opinions contain no clearly erroneous findings of fact, carefully and correctly set out the law governing the issues raised, and clearly articulate the reasons underlying the decisions, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the opinions of the magistrate judge and the district court, we **AFFIRM**.

We add only that, although we agree with the magistrate judge's conclusion that because the trustee in Sharp's bankruptcy abandoned any interest in this cause of action, Sharp has standing to bring this action and to represent the class, we would find that Sharp has standing principally on the ground that Sharp's interest in this action was never the property of the bankruptcy estate. *See In re Young*, 66 F.3d 376, 378-79 (1st Cir. 1995) (holding that the 1994 amendment to § 348 of the Bankruptcy Code should control in pre-amendment ongoing cases, and that the debtor's tort causes of action that accrued while the case was proceeding under Chapter 13 did not become property of

2

the estate or subject to the bankruptcy proceedings upon conversion of the case to Chapter 7 proceedings.)